# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ASHLEY PEARSON and
VERONICA ADAMSON

*On Behalf of Themselves and All
Other Similarly Situated Individuals*

    PLAINTIFFS,

 v.                                                                               Case No.: 21-10258
                                                                                                           Paul D. Borman

TOP FLIGHT ENTERTAINMENT, LTD.,                          United States District Judge
M & M ZIN ENTERPRISES, INC.,
ABCDE OPERATING, LLC, and
ALAN MARKOVITZ

    DEFENDANTS.

---

GREGG C. GREENBERG (0712110314)            ANDREW BEAN (P42941)
Zipin, Amster & Greenberg, LLC             Andrew J. Bean P.C.
Attorney for Plaintiffs                    Attorney for Defendants
8757 Georgia Avenue, Suite 400             12001 Leven Road
Silver Spring, Maryland 20910              Livonia, Michigan 48150
301-587-9373 (fax 240-839-9142)            248-613-7231 (ph)
ggreenberg@zagfirm.com                     andrew@ajbeanlaw.com

DAVID A. KOWALSKI (P71179)
Mellon Pries Kowalski, P.C.
Local Counsel for Plaintiff
2150 Butterfield Drive, Suite 100
Troy, Michigan 48084
248-649-1330 (fax 248-649-1622)
dkowalski@mellonpries.com

---

## JOINT MOTION FOR JUDICIAL APPROVAL OF
## SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE

Plaintiffs Ashley Pearson and Veronica Adamson (together, "Plaintiffs") and Defendants Top Flight Entertainment, LTD, M & M ZIN Enterprises, Inc., ABCDE Operating, LLC, and Alan Markovitz (together, "Defendants") (collectively "the Parties"), by and through their undersigned counsel, respectfully request that the Court approve the attached Settlement Agreement and Release ("Agreement," attached as Exhibit 1) resolving the above-captioned action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

For the reasons stated below, the Parties respectfully request that the Court find that the Agreement is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions" and dismiss with prejudice Plaintiffs' FLSA and associated Michigan state law Minimum Wage claims, with prejudice.

**I.   BACKGROUND**

1. On February 12, 2021, Plaintiffs filed the above captioned against Defendants, seeking, on behalf of themselves and others similarly situated, unpaid minimum wage compensation, statutory liquidated damages, and attorney's fees and costs.

2. The substance of Plaintiffs' Complaint was that Defendants misclassified Plaintiffs and other similarly situated exotic dancer employees at Defendants' several Detroit Metropolitan Area Gentlemen's Club as independent

contractors and, in doing so, failed to pay Plaintiffs and the other dancers minimum wage compensation at hourly rates at least equal to the Federal and Michigan Minimum Wage.

3. Shortly after service of the Summons and Complaint, counsel for Plaintiffs and Defendants conferred, reviewed relevant documents, and agreed that Plaintiffs each signed individual arbitration agreements with class waivers.  As such, the Parties filed a Stipulated Order, later endorsed by the Court, staying this matter and compelling Plaintiffs' individual claims first to mediation and then, if unsuccessful, to arbitration.

4. On April 15, 2021, the Parties participated in good faith in a mediation before mutually selected mediator, Tim Howlett, Esq.  Mediator Howlett proved himself a skilled and effective mediator, but the Parties were unsuccessful in resolving their claims in mediation.

5. Thereafter, the Parties conferred and selected Patricia Nemeth, Esq., as the Parties mutually agreed upon arbitrator.

6. In the forum of arbitration, Defendants answered Plaintiffs' Complaint therein asserting that (i) Plaintiffs were properly classified as independent contractors and are not entitled to relief under the FLSA or Michigan state law or, in the alternative, (ii) Plaintiffs entered knowingly and intentionally into contracts with Defendant in which Plaintiffs sought to and agreed to be  independent   contractors

and, in doing so, substantially benefitted from this arrangement such that if Plaintiffs are to be re-classified as employees, the arbitrator must offset any money owed to Plaintiffs under the FLSA and Michigan state law by the substantial monetary benefit each Plaintiff realized from the independent contractor relationship.

7. Thereafter, during the period of about July 2021 through August 2021, the Parties, through counsel, continued to build on the progress made during the mediation and engaged in a good faith and arms-length settlement dialogue.

8. Ultimately, after substantial negotiation (and considering the economic effects that befell Defendants with the COVID-19 pandemic continuing to date), the Parties agreed to a total settlement sum of Sixty Thousand Dollars ($60,000.00) to be disbursed as follows: Twenty-Two Thousand Dollars ($22,000.00) payable to Plaintiff Ashley Pearson; Fourteen Thousand Dollars ($14,000.00) payable to Plaintiff Veronica Adamson[1]; and Twenty-Four Thousand Dollars ($24,000.00) payable for Plaintiffs' attorney's fees and costs.

---

[1] Plaintiffs' settlement nets Plaintiffs with a take-home recovery of approximately 73.33% of Plaintiffs claimed "free & clear" minimum wage compensation owed for the standard 2-year recovery period. See calculation of unpaid wages due and owing as follows:

9. Following the agreement in terms to the Settlement, the Parties cooperatively drafted and thereafter executed the attached Agreement.

## II. STANDARD OF REVIEW

Courts in the Sixth Circuit require Court approval of private FLSA settlements. *See, e.g., Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

"Before this Court can approve the settlement of Plaintiffs' FLSA claims, the Court must determine that the parties were engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Lakosky v. Discount Tire Co., Inc.*, 2015 WL 4617186, at *1 (E.D. Mich., 2015). A *bona fide* dispute has to do with whether some issue of the employer's liability is "actually and reasonably in dispute." *Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 WL 144400, at *1 (E.D. Mich. 2015); *Athan v. United States Steel Corp.*, 2021 U.S. Dist. LEXIS 39617, at *1 (E.D. Mich. Mar. 1, 2021).

| Plaintiff Name | Dates in 2-Year Non-Willful Recovery Period | Weeks in 2-Year Non-Willful Recovery Period | Average Shifts Per Week | Average Horus Per Shift | Average Hours Per Week | Average MI Min Wage Rate | Pre-Kickback Min Wage Owed Per Week | Average Kickback Paid Per Shift (Fees / Fines / Tip Deduction) | Average Kickback Paid Per Week | Free & Clear Min Wage Owed Per Week | Free & Clear Min Wage Owed for 2-Year Non-Willful Period |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiff Pearson | February 2019 - March 2020 | 58 | 4.5 | 7 | 31.5 | $9.35 | $294.53 | $50.00 | $225.00 | $519.53 | $30,132.45 |
| Plaintiff Adamson | February 2019 - March 2020 | 58 | 3 | 7 | 21 | $9.35 | $196.35 | $50.00 | $150.00 | $346.35 | $20,088.30 |

To determine whether a proposed FLSA settlement is fair and reasonable, the Court considers, as applicable: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *See Does 1-2 v. Déjà Vu Servs., Inc.*, 925 F.3d 886 (6th Cir. 2019) (citing *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

### III. ANALYSIS

#### A. Evaluation of the Settlement Agreement

#### 1. Absence of fraud or collusion in the settlement

The settlement in this case was not the product of fraud or collusion. The Parties reached an arms' length settlement after ongoing discussions over a period of months following mediation with independent third-party mediator Timothy Howlett, Esq. Both sides' best interests were represented by experienced and prepared counsel of their choosing.

Moreover, the payments Plaintiffs will receive as part of the settlement do not suggest fraud or collusion. Plaintiffs' alleged damages are based entirely on personal estimations and are first predicated on a disputed underlying finding that

Plaintiffs were "employees" of the several party Defendants, a theory of liability fiercely disputed by Defendants who argue that Plaintiffs performed as exotic dancers at Defendants' gentlemen's clubs as independent contractors and never as Defendants' employees.

The monetary recovery for each individual Plaintiff was derived by calculating an agreed-upon percentage (approximately 73.33%) of their potential claimed unpaid wage damages. Though Plaintiffs' take-home settlement recovery is not everything Plaintiffs claim to be owed, Plaintiffs' recovery is more than in line with approved FLSA settlements. *See e.g. Dillworth v. Case Farms Processing, Inc*., 2010 U.S. Dist. LEXIS 20446, (N.D. Ohio2010) (discussing average class results while approving an FLSA settlement of one-third of claimed damages); *Andriello v. CFI Sales & Marketing, Inc*., 2012 WL 3264920 (M.D. Fla., 2012) (approval of a settlement resulting in a 3% recovery of claimed damages).

In reaching the settlement, the Parties strongly considered the high stakes and risk for each side was the matter was litigated to judgment. The Parties' settlement eliminates the risks and costs both sides would bear if this litigation continued to complete adjudication on the merits through trial. To this end, in reaching agreement on the settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and

informed analysis and conclusion as to the strengths and weaknesses of Plaintiffs' claims in comparison to their respective costs and the risks associated with further drawn-out litigation.

### 2. Complexity, expense, and likely duration of the litigation

The complexity, expense, and length of continued litigation militate in favor of this settlement. Plaintiffs' claims are complex in theory and factually nuanced. For example, determining whether Plaintiffs were "employees" under the FLSA would require a detailed analysis of the statutory and case law. The legal viability of Plaintiffs' claims is disputed by the Parties.

Avoiding the significant expense and time of continuing litigation of Plaintiffs' complex FLSA claims, and associated proof of Plaintiffs' claims is in the Parties' best interests. Should this matter continue, the Parties would need to complete discovery consisting of depositions and written discovery and document production. The Parties would then need to brief and argue the competing sides of a motion for summary judgment. Based on the resultant rulings, if necessary, the Parties would then have to prepare for and put a multi-day arbitration trial. In the event this matter did not settle at this stage, this case would surely proceed for several months.

The Parties have compromised to avoid experiencing either extreme outcome—dismissal for Plaintiffs or an adverse judgment for Defendants. The

Parties' settlement is a reasonable means for the Parties to minimize or altogether avoid future time expended, risks, and litigation costs.

### 3.     Amount of discovery engaged in by the parties

The Parties' settlement was reached before a formal exchange of documents or written discovery responses. But, for all intents and purposes, the Parties understood the factual and legal positions of the Parties through an exchange of pre-mediation statements and factual exchanges and discussions of the same during the mediation and in ongoing discussions between counsel.

In reaching the settlement, the Parties understood neither Party had documents detailing the quantity or details of Plaintiffs' alleged employment relationship with Defendants. Moreover, the Parties understood this lack of documentation (on both sides) meant this case would go to judgment based on "he said / she said" proof - - meaning that even extensive discovery would not better predict the outcome of the litigation. Ultimately, the Parties agree the settlement is based on the most accurate estimate of Plaintiffs' legal claims and claimed damages, adjusted for the purposes of compromise in light of the risks and costs associated with proceeding through discovery, motion practice, and trial.

### 4.     The likelihood of success on the merits

The likelihood of Plaintiffs' success on the merits, and the amount Plaintiffs would be awarded (if at all), is uncertain, further suggesting that this settlement is

fair and appropriate. There are many factual and novel legal issues in this matter that make it difficult for the Parties to gauge their respective likelihood of success, resulting in a considerable risk to each side. Thus, the Parties agree the settlement is a fair and reasonable settlement in relation to the potential risks and uncertain recovery in this case.

### 5. Opinions of class counsel and representatives

Counsel for the Parties worked at arms-length in drafting and agreeing to the material terms of the Parties' settlement agreement. Counsel for the Parties represent to this Court their opinion that the settlement is a fair and reasonable compromise of the disputed issues for all the reasons stated in this motion. Moreover, the Parties have indicated by signing the agreement that they believe the agreement is a fair and reasonable compromise of the disputed issues and provides for recovery prior to a long, drawn out and risky adjudication of the case's merits.

### 6. The reaction of absent class members

Because this is the settlement of two (2) individual FLSA arbitration actions, there are no absent class members. The Parties settlement does not foreclose or otherwise alter the rights of non-parties to this action.

### 7. The public interest

In general, the public interest is served by the Parties' settlement as it implicitly serves the purpose and intent of Congress in enacting the FLSA: "to

raise substandard wages and to give additional compensation for overtime work . . . thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *U.S. v. Rosenwasser*, 323 U.S. 360, 361 (1945) (quoting Sen. Rep. No. 884 (75th Conf., 1st Sess.)). While Plaintiffs earned gratuities Defendants' customers in amounts well above a substandard wage, the Parties recognize that Defendants' obligations to pay minimum wage compensation in addition to tips (to the extent such an obligation existed) was disputed in this case and Congressional intent has been achieved where Plaintiffs were able to pursue their claims with competent and experienced counsel. Thus, applicable public policy considerations have been satisfied by the Parties' settlement of Plaintiffs' claims.

### B. Plaintiffs' attorneys' fees and costs

The Parties' settlement also contains provisions for attorneys' fees and costs. Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

The negotiated attorneys' fees and costs paid by Defendants to Plaintiff's counsel under the Parties' settlement agreement were negotiated separate and apart from Plaintiffs' individual settlement recoveries and are reasonable given the unique legal theories presented in the case and the of resources expended by Plaintiffs' counsel to investigate, research, analyze, and prepare Plaintiffs' claims for litigation.

In order to achieve a satisfactory settlement result, Plaintiffs' Counsel spent a significant amount of time: investigating Plaintiffs' potential claims - - and the appropriate entity and individual defendants against whom to seek recovery; drafting pleadings; participating in mediation; otherwise corresponding with Defendants' counsel; reviewing Court holdings in FLSA matters in the 6th Circuit and across the country involving FLSA claims brought by exotic dancers; evaluating various damage models; negotiating the Settlement Agreement; and filing this Motion.  Twenty-Four Thousand Dollars ($24,000.00), adequately satisfies Plaintiffs' counsel's efforts and out-of-pocket costs incurred in prosecuting Plaintiffs' claims to a satisfactory settlement result.

Ultimately, the fee and cost recovery for Plaintiffs' counsel is reasonable given the Parties agreed to the amount to be received by Plaintiffs' counsel as part of the settlement and the amount to be received is reasonably similar to the total lodestar actually incurred on this matter by Plaintiffs' Counsel.

## CONCLUSION

In consideration of the foregoing, the Parties request the Court find that the Parties' settlement is a fair and reasonable resolution of a *bona fide* dispute over FLSA issues that binds Plaintiffs and Defendants. As such, the Parties request the Court grant the Parties' Joint Motion to Approve Settlement and dismiss Plaintiffs' Complaint and this action, with prejudice, without any further costs or fees to any party.

Respectfully submitted,

Dated: September 9, 2021            \_\_\_\_/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, (0712110314)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

Dated:  September 9, 2021            \_\_\_\_/s/\_David A. Kowalski_____
David A. Kowalski (P71179)
Melon Pries Kowalski, P.C.
2150 Butterfield Drive, Suite 100
Troy, Michigan 48084
(248) 649-1330 (ph)
Email:  dkowalski@mellonpries.com

*Counsel for Plaintiffs*

Dated:  September 9, 2021            \_\_\_\_/s/\_Andrew Bean_____
Andrew Bean (P42941)
Andrew J. Bean P.C.
12001 Leven Road
Livonia, Michigan 48150
(248) 613-7231 (ph)

Email: andrew@ajbeanlaw.com

*Counsel for Defendants*