IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY PEARSON and<br>VERONICA ADAMSON, on behalf<br>of themselves and all other similarly<br>situated individuals,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TOP FLIGHT ENTERTAINMENT,<br>LTD., M&M ZIN ENTERPRISES,<br>INC., ABCDE OPERATING, LLC,<br>and ALAN MARKOVITZ,<br><br>　　　　Defendants | Case No. 21-cv-10258<br><br>Paul D. Borman<br>United States District Judge |

## OPINION AND ORDER APPROVING JOINT MOTION FOR JUDICIAL APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (ECF NO. 10)

Plaintiffs Ashley Pearson and Veronica Adamson (Plaintiffs) filed their Complaint in this action on February 12, 2021, alleging, on behalf of themselves and others similarly situated, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA) and Michigan's Minimum Wage Law of 1964, against Defendants Top Flight Entertainment, LTD, M&M ZIN Enterprises, Inc., ABCDE Operating, LLC, and Alan Markovitz (Defendants). Shortly after service of the Summons and Complaint, counsel for Plaintiffs and Defendants conferred, reviewed relevant documents, and agreed that Plaintiffs each signed individual arbitration

agreements with class action waivers. The Court thereafter entered a Stipulated Order Re: Mediation and Arbitration, compelling Plaintiffs' individual claims first to mediation and then, if unsuccessful, to arbitration. (ECF No. 9.) Following mediation, the Parties, through counsel, ultimately reached a settlement of all claims. Now before the Court is the parties' Joint Motion for Judicial Approval of FLSA Settlement and Dismissal of Action With Prejudice. (ECF No. 10.) The Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submission. E.D. Mich. L. R. 7.1(f)(2).

The Court finds that the proposed Settlement Agreement, a copy of which is attached to the Joint Motion, accomplishes a fair and reasonable settlement of Plaintiffs' bona fide FLSA dispute and GRANTS the Joint Motion for Judicial Approval of FLSA Settlement and Dismissal of Action With Prejudice.

## I.   LEGAL STANDARD

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id.*

Therefore, "an employee may not waive or otherwise settle a FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Settlements of FLSA claims that are reached in the context of litigation, where "[t]he employees are likely to be represented by an attorney who can protect their rights under the statute," are proper subjects for judicial review and possible approval because they are "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's*, 679 F.2d at 1354. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (alterations added).

"Before this Court can approve the settlement of Plaintiffs' FLSA claim, the Court must determine that the parties were engaged in a bona fide dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich., July 31, 2015). A bona fide dispute has to do with whether some issue of the employer's

liability is "actually and reasonably in dispute." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

Next, to determine whether a proposed FLSA settlement is fair and reasonable, courts consider, as applicable: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Lakosky, supra*; *Does 1-2 v. Déjà Vu Servs., Inc.*, 925 F.3d 886 (6th Cir. 2019) (citing *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook*, 2015 WL 144400, at *1.

## II. ANALYSIS

Plaintiffs allege in their Complaint that Defendants misclassified Plaintiffs at Defendants' several Detroit Metropolitan Area Gentlemen's Clubs as independent contractors and, in doing so, failed to pay Plaintiffs minimum wage compensation at hourly rates at least equal to the Federal and Michigan Minimum Wage. (ECF No. 4.) Defendants dispute Plaintiffs' claims, and asserted in the forum of arbitration that (1) Plaintiffs were properly classified as independent contractors and are not entitled

to relief, and (2) Plaintiffs knowingly and intentionally entered contracts with Defendants agreeing to be independent contractors.

Plaintiffs each signed individual arbitration agreements with class waivers, and thus the parties filed a Stipulated Order, entered by the Court, staying this matter and compelling Plaintiffs' individual claims first to mediation and then, if unsuccessful, to arbitration. The parties participated in a good faith mediation before a mutually selected mediator, Tim Howlett, Esq, conferred and selected Patricia Nemeth, Esq., as the mutually agreed upon arbitrator, and then continued, through counsel, to engage in a food faith and arms-length settlement dialogue. The parties subsequently entered into a settlement agreement resolving all of the Plaintiffs' claims.

The Court finds that the parties are resolving a bona fide dispute as to both the factual and legal underpinnings of Plaintiffs' claims. As such, the Court will evaluate the settlement agreement itself, considering the factors outlined above.

With respect to the first factor, there is no evidence of fraud or collusion in the settlement. The parties here represent that they reached this settlement through extensive negotiations between the parties' respective counsel and with the assistance an independent third-party mediator. This settlement was thus the product of an arm's-length transaction and is a reasonable compromise of the disputed issues. Moreover, the payments received by Plaintiffs do not suggest fraud or collusion.

Plaintiffs' alleged damages are based on personal estimations, and the monetary awards for each Plaintiff were derived by calculating an agreed-upon percentage (approximately 73.33%) of their potential claimed unpaid wage damages. This recovery exceeds the average monetary settlements for these types of cases. *See Athan v. United States Steel Corp.*, --- F. Supp. 3d ---, No. 17-CV-14220, 2021 WL 805430, at *4 (E.D. Mich. Mar. 3, 2021) (noting that "the average recovery in class actions is seven (7%) to eleven (11%) percent of the claimed damages) (citing *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010) (discussing average class results while approving an FLSA settlement of one-third of claimed damages)).

Considering the second factor, the complexity, expense, and likely duration of the litigation mitigate in favor of this settlement. FLSA claims in general are expensive and time-consuming. The parties continue to disagree over the merits of Plaintiffs' claims, and if forced to litigate this case further, the parties would engage in complex, costly and protracted litigation. The Settlement Agreement provides substantial relief to the Plaintiffs, and the parties have compromised to avoid experiencing extreme outcomes for either side. Therefore, the second factor weighs in favor of final approval.

With respect to the third factor, the amount of discovery engaged in by the parties, the settlement was reached before a formal exchange of documents or

written discovery responses, but the parties did exchange pre-mediation statements and factual exchanges and discussions of the same during the mediation. According to the parties, neither side had documents detailing the quantity or details of Plaintiffs' alleged employment relationship with Defendants, and thus extensive discovery would not better predict the outcome of this litigation. The parties agree that the settlement is based on the most accurate estimate of Plaintiffs' legal claims and claimed damages. This factor weighs in favor of final approval.

The fourth factor, the likelihood of Plaintiffs' success on the merits, and the amount they would be awarded, is uncertain and weighs in favor of final approval. Litigation inherently involves risks, and the settlement eliminates the uncertainty of a trial on the merits.

With respect to the fifth factor, the opinions of counsel, as discussed above, weigh in favor of final approval. Both Plaintiffs' and Defendants' counsel believe that the settlement is a fair and reasonable compromise of the disputed issues. Further, the parties have signed the settlement agreement, indicating their belief that the settlement is fair and reasonable and provides for recovery without the necessity of a long, drawn out and risky adjudication of the case's merits.[1]

---

[1] The Court need not address the sixth factor, the reaction of absent class members, because this is a settlement of two individual FLSA arbitration actions and there are no absent class members.

Weighing the final factor, the Court finds that the public interest is served by the parties' settlement. Courts have held that "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Déjà Vu Servs.*, 925 F.3d at 899 (citation omitted). "At the same time, courts have also found that … enforcing the FLSA furthers an important interest in 'encouraging employees and others to ensure that employers comply with laws governing employment." *Id.* (citation omitted). The Court finds that the parties' settlement agreement achieves both purposes by putting an end to potentially protracted litigation and also requiring Defendants to comply with the laws. Settlement resolves the uncertainty of the case outcome for both parties.

Accordingly, considering all of the factors, the Court finds that there was a bona fide dispute in this case over whether Plaintiffs were paid the compensation they seek. The parties explored, through the assistance of their experienced counsel and with the assistance and of a third-party mediator, the claims at issue and arrived at a settlement amount deemed fair by all. The Court finds that the settlement was a fair and reasonable compromise of Plaintiffs' bona fide disputed claims that the parties recognize would otherwise require extensive litigation and significant costs. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually

8

in dispute ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's*, 679 F.2d at 1354.

Finally, the parties' settlement agreement contains a provision for attorneys' fees and costs. Under the FLSA, courts must award costs and reasonable attorneys' fees to a prevailing plaintiff. 29 U.S.C. § 216(b). While the award of attorneys' fees is mandatory, the amount of the award is within the discretion of the court. *Feagley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336. However, the Court is required to carefully examine the settlement "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (internal citation omitted).

The parties here represent that the negotiated fees and costs paid by Defendants to Plaintiffs' counsel were negotiated separate and apart from Plaintiffs' individual settlement recoveries, and the Court finds that the amount allocated for attorneys' fees and costs is fair and reasonable considering the result reached in this case and the amount of time Plaintiff's counsel dedicated to this matter investigating Plaintiffs' potential claims, drafting pleadings, participating in mediation, conferring with Defendants' counsel, evaluating damage models, negotiating the Settlement

9

Agreement, and filing the instant joint motion. Thus, the Court approves the parties' proposed settlement with respect to attorneys' fees and costs.

### III. CONCLUSION

For the foregoing reasons, the Joint Motion for Judicial Approval of FLSA Settlement and Dismissal of Action With Prejudice (ECF No. 10) is **GRANTED**, the proposed Settlement Agreement at ECF No. 10-1 IS **APPROVED**, the Stay is **LIFTED**, and this case is **DISMISSED WITH PREJUDICE**, with each party responsible to pay his, her and/or its own costs, disbursements and attorneys' fees incurred in connection with this action, except to the extent otherwise provided in the Settlement Agreement.

IT IS SO ORDERED.

Dated: September 14, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge